IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTONIO CHAPMAN, # 158868                                                PETITIONER

VERSUS                                         CIVIL ACTION NO. 4:11CV158-CWR-FKB

ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI and E.J. (BILBO)
MITCHELL                                                                  RESPONDENTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

BEFORE THE COURT is *pro se* Petitioner Antonio Chapman's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. 2254.  He is incarcerated with the Mississippi Department of Corrections and challenges his conviction for murder.  The Court has considered and liberally construed the pleadings.  The case is dismissed without prejudice.

According to the Petition, Chapman pled guilty to murder in Lauderdale County.  He was convicted and sentenced on May 24, 2010.  He was sentenced to serve a term of life imprisonment with the Mississippi Department of Corrections.  He is currently housed at the Walnut Grove Youth Correctional Facility.  He admits he did not seek post conviction relief with the State court, because he "did not know of the paperwork," and "do[es] not know how to."  (Pet. at 5, 6).  Thus, the instant Petition is his first attack on his conviction.

Section 2254 provides in part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)     the applicant has exhausted the remedies available in the courts of the State; or
. . .

(B)(ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Chapman admits he has not filed a motion for Post Conviction Relief in the State court.  He does not argue the procedure is ineffective, just that he does not know how he is supposed to attack his conviction.  Therefore, the case is dismissed without prejudice for failure to exhaust State court remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Petitioner Antonio Chapman's [1] Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. 2254, should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 31st day of January, 2012.

                                                s/Carlton W. Reeves  
                                                UNITED STATES DISTRICT JUDGE